Yusef v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-176-CR

     MOHAMMED AMIR YUSUF,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 93-776-C
                                                                                                    

OPINION ON PETITION FOR DISCRETIONARY REVIEW
                                                                                                    

      In his petition for discretionary review, Mohammed Amir Yusuf contends that we erred in
holding that he was not entitled to an instruction on the lesser-included offense of murder. He
argues that we focused only on the lesser-included offense of felony murder under section
19.02(a)(3) of the Penal Code when we should have considered the lesser-included offense of
murder under section 19.02(a)(1). See Tex. Penal Code Ann. § 19.02(a)(1), (2) (Vernon
1989).


 He also contends that we failed to address whether the Texas Constitution, unlike its
federal counterpart, requires officers to cease questioning and to clarify a suspect's ambiguous
request for counsel.
      Yusuf argues that under section 19.02(a)(1) of the Penal Code, he could have been found
guilty of the lesser-included offense of murder because the evidence raised a question about
whether he committed the offense "knowingly" rather than "intentionally." Although conceivably
evidence that Yusuf acted "knowingly" rather than "intentionally" would require an instruction
on the lesser-included offense of murder under section 19.02(a)(1), we do not believe that such
evidence was present in this case for the reasons stated in our original opinion. 
      Yusuf also argues that we should have addressed his claims of an ambiguous request for
counsel under the Texas Constitution. We relied on the recent case of Davis v. United States, —
U.S. —, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), for the proposition that officers are not
required to cease questioning upon the making of an ambiguous or equivocal reference to counsel. 
Yusuf suggests that Russell v. State, 727 S.W.2d 573 (Tex. Crim. App.), cert. denied, 484 U.S.
856, 108 S.Ct. 164, 98 L.Ed.2d 119 (1987), might partially be based on the Texas Constitution
and thus its holding may still be viable notwithstanding the holding in Davis.    The San Antonio
Court has recently address this argument:
Now that the Supreme Court has removed Russell's federal law underpinnings, its holding
cannot stand as a matter of federal law. Texas courts can extend Texas Constitutional rights
beyond their analogous federal counterparts. See Heitman v. State, 815 S.W.2d 681
(Tex.Crim.App.1991). But we see no reason to adopt the Russell rule as a matter of state law
and to create greater rights on behalf of criminal suspects against the state than the United
States Constitution requires.
State v. Panetti, 891 S.W.2d 281, 284 (Tex. App.—San Antonio 1994, no pet. h.). We agree with
the San Antonio Court. 
                                                                               BILL VANCE
                                                                               Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Opinion delivered and filed April 5, 1995
Do not publish